UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMECIO ANTONIO LIVINGSTON-HOOKER,

    Petitioner,

v.                                                    Case No: 8:17-cv-424-T-30AEP
                                                    Crim. No: 8:13-cr-557-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF DISMISSAL

Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. section 2255, and his brief in support. (CV Docs. 1 and 2). Upon review and consideration, the Court concludes the Motion must be dismissed as untimely.

## BACKGROUND

On November 26, 2013, Petitioner was indicted on two counts. (CR Doc. 1) Count I charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and Count II charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more or a mixture containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States. (CR Doc. 1). On January 27, 2014, the Court accepted Petitioner's guilty plea to Count I, and Count II was later dismissed.

(CR Docs. 17 and 25). On April 29, 2014, the Court entered judgment and sentenced Petitioner to 108 months' imprisonment followed by 5 years' supervised release. (CR Doc. 35). Petitioner did not appeal. (CV Doc. 1).

## **DISCUSSSION**

The Court concludes Petitioner's Motion is untimely. Under section 2255(f)(1), a petitioner has one year to file a motion from the date on which his judgment of conviction becomes final.[1] Because Petitioner did not file a direct appeal, his judgment became final when the time for filing a direct appeal expired—on May 13, 2014. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). That gave Petitioner until May 13, 2015, to file his Motion. But Petitioner did not file his Motion until February 14, 2017, nearly two years after his limitations period expired.

The only explanation Petitioner offers as to why his motion was not filed sooner is that he "was waiting for information but did not discover that my attorney had not filed for appeal until now." (CV Doc. 1, p. 10). This argument is insufficient to toll the time for filing his Motion. *See United States v. Jackson*, 205 F. Supp. 2d 876, 880 (W.D. Tenn. 2002); *see also Staake v. United States*, No. 507CV-189-OC-10GRJ, 2007 WL 2050939, at *2 (M.D. Fla. July 16, 2007). And Petitioner's claim is contrary to his previous

---

[1] In his Motion, Petitioner's only argument why the time set forth in section 2255(f)(1) should not apply is because, "I was waiting for information but did not discover that my attorney had not filed for appeal until now." (CV Doc. 1, p. 10). This argument is insufficient to toll the time for filing his Motion. *See United States v. Jackson*, 205 F. Supp. 2d 876, 880 (W.D. Tenn. 2002); *see also Staake v. United States*, No. 507CV-189-OC-10GRJ, 2007 WL 2050939, at *2 (M.D. Fla. July 16, 2007).

acknowledgement that he did not want to appeal. At sentencing, the Court directed Petitioner as follows:

> The Court:   To the extent permitted by your plea agreement, you have the right of appeal from the judgment and sentence within 14 days from today. Failure to appeal within the 14-day period will be a waiver of your right to appeal.
>
> You have in front of you a form entitled "Declaration of Intent to Appeal," together with a stamped envelope addressed to the Clerk's Office. That form states whether you do or do not wish to file an appeal. It's written in English on one side and in Spanish on the other. I direct you to complete the form and mail it into the Clerk's Office at the end of the 14-day appeal period.
>
> If you do not return the form, I will accept that as an acknowledgement that you do not wish to file an appeal and that that was an informed and voluntary choice on your part.

(CR Doc. 79, 10:5–19). Petitioner never returned the Declaration of Intent to Appeal to the Clerk's Office, which the Court construes as Petitioner's voluntary decision to not pursue an appeal. Thus his argument that he did not know his attorney had not pursued an appeal lacks merit. For these reasons, the Court concludes Petitioner's Motion is time-barred.

**ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion (CV Doc. 1) is DISMISSED without prejudice.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

4. The Clerk is directed to terminate from pending status the Motion found at Doc. 76 in the underlying criminal case, 8:13-cr-557-T-30AEP.

3

**DONE** and **ORDERED** in Tampa, Florida, this 27th day of February, 2017.

                                                                              *[signature: James S. Moody, Jr.]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record